Mr. Carthel Jackson, Assistant Director Department of Veterans Affairs P.O. Box 1280 North Little Rock, AR 72115
Dear Mr. Jackson:
This is in response to your request for an opinion regarding the recently enacted Act 4 of 1992 (2d Ex. Sess.), which levies a privilege tax on home health care providers, personal care service providers, long-term care facilities, nursing facilities, and intermediate care facilities for the mentally retarded. Specifically, you inquire as to whether the Arkansas Veterans Home must comply with this act, and if so, whether it must calculate the tax based upon the total monies it receives, including "per diems" it receives from the federal government, or only on the amounts it receives from residents.
It is my opinion that the Arkansas Veterans Home must comply with the act, and must calculate the tax on both the amounts received from residents and the federal "per diem."
The act provides, in pertinent part, as follows:
SECTION 1. DEFINITIONS.
 (b) `Gross Receipts' shall mean the entire amount billed for the service or sale without any deduction of any kind. "Gross Receipts" shall not include any payments received by a provider from medicare when the provider is prohibited or precluded by federal law or regulation from recovering the tax levied by this Act from the medicare program.
* * *
 (e) `Long Term Care Facilities' shall mean those facilities licensed pursuant to Ark. Code Ann. § 20-10-101 et seq. or § 20-10-224. . . .
 (f) `Nursing Facilities' shall mean those facilities licensed pursuant to Ark. Code Ann. § 20-10-1101 et seq.
* * *
SECTION 2. IMPOSITION OF TAX.
 (b) There is hereby imposed a privilege tax on the privilege of providing services as a long term care facility or nursing facility. The tax is imposed at the rate of one percent (1%) from the effective date of this Act until June 30, 1993, and two and eight tenths percent (2.8%) on and after July 1, 1993, on the total gross receipts derived by long term care facilities or nursing facilities.
You indicate in your request that the Arkansas Veterans Home is a "61 bed nursing home and a 55 bed residential care facility." It receives "maintenance fees" from residents and a daily "per diem" from the federal government. See 38 U.S.C. § 1741.
The inquiry must focus initially on whether the Arkansas Veterans Home ("AVH") is a facility covered by the Act. It is my understanding that the Department of Human Services has issued the AVH a license pursuant to A.C.A. § 20-10-224 (Repl. 1991). This statute requires the licensure of "long-term care facilities." The Arkansas Veterans Home meets the definition of this term. See A.C.A. § 20-10-213(4). This definition excludes institutions operated by the federal government, but does not expressly exclude state operated institutions. State institutions, however, are not required to pay the licensure fee (A.C.A. § 20-10-1101), and are not subject to minimum staffing requirements. A.C.A. § 20-10-211 (1987). Because the Arkansas Veterans Home is a "long-term care facility" licensed pursuant to A.C.A. § 20-10-224, the privilege tax imposed by Act 4 of 1992 is applicable to it. There is no exemption in Act 4 for state-operated facilities. Your second question inquires, in the event the AVH is obligated to pay this privilege tax, whether the "gross receipts" for the services include one or both sources of income received on behalf of the residents by the AVH.
The tax is imposed on "the total gross receipts derived by long term care facilities or nursing facilities. Act 4, Section 2(b). "Gross receipts" are defined by Act 4 as including "the entire amount billed for the service or sale without any deduction of any kind." Act 4, Section 1(b). Although it may be argued that the federal monies do not constitute an amount "billed" for the service, but rather, represent aid received, it is my understanding that the AVH monthly remits a "voucher" to the federal Department of Veterans Affairs, and a check is then issued pursuant to this voucher. I must therefore conclude that these federal amounts are subject to the tax as "gross receipts" derived from the service.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The fact that the federal "per diem" amounts are set by federal law (see 38 U.S.C. § 1741 and 38 C.F.R. § 17.166c), and a question therefore exists as to whether this tax can be recovered from the federal Department of Veterans Affairs, does not, in my opinion, require a different result. It is my understanding that the legislature had in mind, when enacting Act 4, the requirements of 42 U.S.C. § 1396a(t) which requires, in order to allow the recoupment or charging of such taxes through the Medicaid program, that the tax be of "general applicability." It appears that in an effort to make the tax "generally applicable" for purposes of this provision, the legislature has included services provided by the Arkansas Veterans Home within its ambit.